FILED
2005 May-17 PM 04:59
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **VICKI V. BUSBY,** | ] |
| | ] |
| **Plaintiff,** | ] |
| | ] |
| v. | ] CASE NO.: 04-HS-2799-S |
| | ] |
| **JRHBW REALTY, INC. d/b/a** | ] |
| **REALTYSOUTH, et al.,** | ] |
| | ] |
| **Defendants.** | ] |

**Memorandum of Opinion**

**I.   Introduction and Procedural History**

This is a civil action filed on September 23, 2004, by the Plaintiff, Vicki V. Busby, "on behalf of herself and all others similarly situated," against the Defendant, JRHBW Realty, Inc. d/b/a RealtySouth. The Complaint alleges that the Plaintiff purchased real estate in Jefferson County, and that in connection with that purchase she entered into a "federally related loan" as that term is defined under the Federal Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2607. Deed and title were formally transferred to the Plaintiff on May 26, 2004.[1] At the closing, RealtySouth added a settlement charge called an "ABC FEE", in the amount of

---

[1] This sentence and the remainder of the facts alleged in the Complaint are set out as, they were in the original Motion to Dismiss.

$149.00, to the Plaintiff's HUD-1 Settlement Statement.[2]  The ABC FEE was a separate charge from the "Total Sales/Brokers Commission" of $9,350.

The Plaintiff alleges that: "At all times relevant to this Complaint, Defendant has unlawfully and on a systematic basis charged and accepted purported settlement related charges, in the form of 'ABC FEE[S],' from consumers . . . without rendering any service in exchange for said fee." *Complaint*, at 7.  The Complaint further alleges that "RealtySouth's charging and acceptance of the ABC Fee violates RESPA because (1) it is a fee for which no service is rendered and/or (2) it is a duplicative fee for services already rendered as part of the "total sales/broker's commission." *Id.* Count One of the Complaint charges this as a violation of RESPA at 12 U.S.C. § 2607; 24 C.F.R. § 3500.14.

This case came before the Court on Defendant JRHBW Realty, Inc.'s Motion to Dismiss (doc. 6). The parties agreed that the code section at issue in this case is 12 U.S.C. § 2607(b).  That section reads:

> (b) Splitting charges
>
> No person shall give and no person shall accept any portion, split, or percentage of any charge made or received for the rendering of a real estate settlement service in connection with a transaction involving a federally related mortgage loan other than for services actually

---

[2]"ABC" stands for Administrative Brokerage Commission. *Defendant's Motion to Dismiss*, at 1.

performed.

12 U.S.C.A. § 2607(b). Corresponding federal regulations provide:

> (c) No split of charges except for actual services performed. No person shall give and no person shall accept any portion, split, or percentage of any charge made or received for the rendering of a settlement service in connection with a transaction involving a federally related mortgage loan other than for services actually performed. A charge by a person for which no or nominal services are performed or for which duplicative fees are charged is an unearned fee and violates this section. The source of the payment does not determine whether or not a service is compensable. Nor may the prohibitions of this part be avoided by creating an arrangement wherein the purchaser of services splits the fee.

24 C.F.R. § 3500.14(c).

This Court noted that the Complaint alleges that the ABC Fee was "simply an increase in the price of RealtySouth's commission," without "new or additional service." The Court then, based on the *Kruse* and *Sosa* decisions, held that "to the extent these charges are an overcharge for services that actually were performed, the motion to dismiss will be GRANTED. The Complaint will be DISMISSED, except to the extent it alleges the ABC Fees were charges for which no service was rendered." *Order of March 2, 2005*.

On April 20, 2005, Defendant JRHBW filed a Motion for Summary Judgment (doc. 24), which argues that "Plaintiff has no facts to support her allegation that the challenged Administrative Brokerage Commission was a charge for which no service

3

was rendered." *Defendant JRHBW Realty, Inc.'s Motion for Summary Judgment and Supporting Memorandum of Law*, at 2.  That same day, it filed a *Motion for Limited Stay of Discovery*.  (Doc. 26).  It is the latter motion which is before the Court at this time.

## II.   Standard and Analysis

"Matters pertaining to discovery are committed to the sound discretion of the district court." *Patterson v. U.S. Postal Service*, 901 F.2d 927, 929 (11th Cir. 1990). The Defendant in this case has asked the Court to "enter a stay of all discovery pending the disposition of RealtySouth's motion [for summary judgment], except discovery directly related to responding to the facts supporting RealtySouth's motion for summary judgment."  The former Fifth Circuit, in a similar case dealt with this issue as follows:

> Soon after the complaint was filed, plaintiff embarked upon an extensive discovery program, largely in the form of requested depositions and documents. Upon defendants' motions, on February 13, 1974, the trial court entered a protective order which in effect limited discovery to the matters raised by defendants' motion for summary judgment, i. e., the immunity issue and the nature of the CAB's regulation of ACI. Eventually, as we have seen, the disposition of this summary judgment motion terminated the lawsuit without putting the parties to the expense of conducting broad discovery on all issues raised in the complaint. We have constantly emphasized the broad discretion which a district judge may properly exercise in discovery matters. See, e. g., Swanner v. United States, 406 F.2d 716, 719 (5th Cir. 1969). On these facts, we see no possible abuse of discretion in the order staying general discovery

> until the court could determine whether the case would be resolved at the summary judgment stage. Of course, the situation would be quite different if plaintiff had been denied discovery which related to the summary judgment motion, but plaintiff has failed to persuade us that such was the case.

*Scroggins v. Air Cargo, Inc.*, 534 F.2d 1124, 1133 (5th Cir. 1976).[3]

In this case, the Defendant does not seek to deny all discovery to the Plaintiff. Only discovery unrelated to the central issue in a dispositive motion which could resolve the case at an early stage. To allow the Plaintiff to conduct discovery as to class, damages, and other issues unrelated to whether or not the challenged Administrative Brokerage Commission was a charge for which no service was rendered makes no sense.

## III. Conclusion

For the reasons stated herein, the Motion to Stay is due to be GRANTED. The Court will enter a new scheduling order regarding discovery.

DONE, this 17th day of May, 2005.

**VIRGINIA EMERSON HOPKINS**
United States District Judge

---

[3] In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent the decisions of the former Fifth Circuit issued before October 1, 1981.