# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **VICKI V. BUSBY,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | **2:04-CV-2799-VEH** |
| ) | |
| **vs.** ) | |
| ) | |
| **JRHBW REALTY, INC. d/b/a** ) | |
| **REALTYSOUTH, et al.** ) | |
| ) | |
| **Defendants.** ) | |

## Memorandum Opinion and Order

Pending before the Court is the Motion for Reconsideration of the Court's July 20, 2006 Ruling on Plaintiff's Motion for Class Certification (doc. 78) filed by Plaintiff Vicki V. Busby pursuant to Fed. R. Civ. P. 60.  This Court has been extensively briefed and is now ripe for disposition.

For the reasons hereinafter stated, this Court has determined that the Motion for Reconsideration is hereby **DENIED**.

## Applicable Law

In the interests of finality and conservation of scarce judicial resources, reconsideration of an order is an extraordinary remedy and is employed sparingly.

1

*See United States v. Bailey*, 288 F.Supp.2d 1261, 1267 (M.D. Fla. 2003); *Pennsylvania Ins. Guar. Ass'n v. Trabosh*, 812 F. Supp. 522, 524 (E.D. Pa. 1992); *Spellman v. Haley*, 2004 WL 866837, 2 (M.D. Ala. Feb. 22, 2002) ("litigants should not use motions to reconsider as a knee-jerk reaction to an adverse ruling"). Indeed, as a general rule, "[a] motion to reconsider is only available when a party presents the court with evidence of an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice." *Summit Medical Center of AL, Inc. v. Riley*, 284 F.Supp.2d 1350, 1355 (M.D.Ala. 2003).

It is well established in this circuit that "[a]dditional facts and arguments that should have been raised in the first instance are not appropriate grounds for a motion for reconsideration." *Rossi v. Troy State University*, 330 F.Supp.2d 1240, 1249 (M.D. Ala. 2002) (denying motion to reconsider where plaintiff failed to submit evidence in question prior to entry of order and failed to show good cause why he could not have done so).[1] Furthermore, the Eleventh Circuit has declared that "a motion to reconsider should not be used by the parties to set forth new theories of law." *Mays v. U.S. Postal Service*, 122 F.3d 43, 46 (11th Cir. 1997); *see also Russell Petroleum*

---

[1] Likewise, motions to reconsider are not a platform to relitigate arguments previously considered and rejected. *See Lazo v. Washington Mutual Bank*, 2001 WL 577029, *1 (9th Cir. May 29, 2001) (motion to reconsider is properly denied where movant merely reiterates meritless arguments); *American Marietta Corp. v. Essroc Cement Corp.*, 2003 WL 463493, *3 (6th Cir. Feb. 19, 2003) (similar).

*Corp. v. Environ Products, Inc.*, 333 F.Supp.2d 1228, 1234 (M.D. Ala. 2004) (relying on *Mays* to deny motion to reconsider where movant advanced several new arguments); *Coppage v. U.S. Postal Service*, 129 F.Supp2d 1378, 1379-81 (M.D. Ga. 2001) (similar).[2]  *See also Richards v. United States*, 67 F.Supp.2d 1321,1322 (M.D.Ala. 1999) (same).

Notwithstanding these limitations, reconsideration is appropriate to correct manifest errors of law or fact.  *See* Fed.R.Civ.P.60(b); *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996) ("Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence."); *Summit Medical Center of Alabama, Inc. v. Riley*, 284 F.Supp.2d 1350, 1355 (M.D. Ala. 2003) ("A motion to reconsider is only available when a party presents the court with evidence of an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice.").  The grant or denial of a motion to reconsider is left to the discretion of the district court.  *See Chapman v. AI Transport*, 229 F.3d 1012, 1023-24 (11th Cir. 2000).

---

[2] This discussion is lifted almost verbatim from Judge Steele's opinion in *Gougler v. Sirius Products, Inc.*, 370 F.Supp.2d 1185, 1189 (S.D. Ala. 2005).

## Analysis

After giving Busby's motion in depth consideration, the Court has determined that there exist no adequate grounds for the Court to reconsider its prior ruling denying class certification. Busby contends that the Court's Order denying class certification "rests upon a mistake of law." (Pl. Mot. at 2.) While this contention could be validly raised in a motion for reconsideration, it must be grounded in the assertion that the "mistake of law" is due to an intervening change in controlling law or that the mistake is due to newly discovered evidence raising novel legal issues. However, this is not the case. In her Motion for Reconsideration, Busby merely reiterates the arguments articulated in her Motion for Class Certification and during oral arguments. It is clear that Busby has not asserted that her Motion for Reconsideration is supported by any intervening change in controlling law or any newly discovered evidence that would alter the result of the Court's Order denying Busby's motion for class certification.

The crux of Busby's argument in support of reconsideration is that the Court erred in concluding that, under RESPA, there is any relevance to the reasonableness of RealtySouth's fees. The basis of this contention is Busby's belief that the case law's treatment of yield spread premiums, including the Eleventh Circuit's decision in *Heimmermann*, and the 2001 Policy Statement on YSPs "have no relevance to the

instant case." (Pl. Mot. at 4.)[3]

Based on the law governing motions for reconsideration, this argument cannot be the basis for a motion for reconsideration because the issue of whether a reasonableness inquiry under Section 8(c) of RESPA is appropriate was previously briefed, argued, and rejected by this Court. As this Court and numerous other courts have held, a motion for reconsideration premised on previously rejected arguments should be denied because it "does not meet the standard employed on review of a Motion for Reconsideration." *Rueter*, 2006 U.S. Dist. LEXIS 53982, at 33. "[M]otions to reconsider are not a platform to relitigate arguments previously considered and rejected." *See Lazo v. Wash. Mut. Bank*, No. 00-55205, 2001 WL 577029, 1 (9th Cir. May 29, 2001) (motion to reconsider is properly denied where movant merely reiterates meritless arguments); *Am. Marietta Corp. v. Essroc Cement Corp.*, No. 01-3752, 2003 WL 463493, 3 (6th Cir. Feb. 19, 2003) (similar); *see also Reich v. Compton*, 834 F. Supp. 753, 755 (E.D. Pa. 1993) ("[A]ny litigant considering bringing a motion to reconsider based upon . . . [clear error and manifest injustice] should evaluate whether what may seem to be clear error of law is in fact simply a

---

[3] In her Motion for Reconsideration, Busby requested that the Court seek formal guidance from HUD regarding the Court's interpretation of Section 3 and whether it is in keeping with HUD's "stated views". This Court has based its interpretation of Section 8 and all matters pertaining to this case on relevant Eleventh Circuit case law, and does not intend to seek guidance from HUD on any matter in connection with this case.

disagreement between the Court and the litigant.")

Accordingly, to justify Busby's motion for reconsideration, given that she has not pointed to any new evidence, intervening case law, or evidence of manifest injustice, there must be a clear error of law. As other courts have noted in this context, clear error exists "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395, 685 S. Ct. 525, 542 (1948); *see also, e.g., Idaho AIDS Foundation, Inc. v. Idaho Housing & Fin. Ass'n*, No CV-04-155-S-BLW, 2006 WL 1897226, at 3 (D. Idaho July 11, 2006) (applying Gypsum clear error standard in rejecting motion for reconsideration); *United States v. Jasin*, 292 F. Supp. 2d 670, 676 (E.D. Pa. 2003) (same). This Court maintains that it did not err in concluding that class certification is improper in this case. And it certainly was not "clear error" because, as this Court accurately stated: "Case law firmly suggests that the 2001 Policy Statement *and Heimmermann* analysis are applicable here. In particular, a simple look at Busby's transaction and the fee structure at RealtySouth shows that Busby agreed in writing to pay 'brokerage compensation' to RealtySouth consisting of a $149 administrative brokerage commission and a percentage commission of 3%. Busby understood that 'brokerage compensation' is what the broker received for its provision of services."

(Class Cert. Order at 28 (emphasis added, citations omitted).)

Plaintiff's failure to point to any manifest injustice resulting from the Court's earlier decision, and her failure to point to any error, leads the Court to the conclusion that valid grounds do not exist to justify reconsideration of its previous ruling. Busby's motion is "nothing more than a request that the . . . court change its mind . . . it is not authorized by Rule 60(b)." United States v. Williams, 674 F.2d 310, 313 (4th Cir. 1982).

## Conclusion

Based on the foregoing, the Motion to Reconsider the Court's July 20, 2006 Order denying class certification is hereby **DENIED**.

**DONE** and **ORDERED** this 18th day of August, 2006.

**VIRGINIA EMERSON HOPKINS**
United States District Judge