FILED

2008 Sep-17  PM 05:23
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **VICKI V. BUSBY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.:  2:04-CV-2799-VEH** |
| | ) | |
| **JRHBW REALTY, INC. d/b/a** | ) | |
| **REALTYSOUTH,** | ) | |
| | ) | |
| **Defendant.** | ) | |

---

## MEMORANDUM OPINION
## (1) DENYING MOTION FOR RECONSIDERATION (DOC. 95);
## (2) AMENDING ORDER GRANTING MOTION FOR
## CLASS CERTIFICATION (DOC. 93)

On February 25, 2008, the Eleventh Circuit's mandate (Doc. 92) affirming in part, reversing in part, vacating and remanding this Court's Memorandum Opinion and Order (Doc. 76) Denying Plaintiff's Motion for Class Certification (Doc. 63) (the "Order Denying Class Certification") was entered. *Busby v. JRHBW Realty, Inc.*, 513 F.3d 1314 (11th Cir. 2008) (hereinafter *Busby*). On March 5, 2008, the Court granted (Order, Doc. 93) (the "Order Granting Motion for Class Certification") Plaintiff's Motion for Class Certification. On March 17, 2008, the Defendant filed its Motion for Reconsideration (Doc. 95) of the Order Granting Motion for Class Certification.

The Plaintiff has opposed the Motion for Reconsideration. (Response, Doc. 98). The Defendant has replied. (Reply, Doc. 99). A hearing was held on June 12, 2008. The Motion for Reconsideration is therefore ripe for determination.

Having considered all of the pleadings and arguments of the parties (and the authorities cited by them), including the pleadings (pro and con) filed in relation to Plaintiff's Motion for Class Certification, the Court's prior Order Denying Class Certification, the Eleventh Circuit's mandate, and the Court's post-mandate Order Granting Class Certification, the court is of the opinion that the Motion for Reconsideration is due to be, and hereby is, **DENIED**.[1] Alternatively, the Motion is **GRANTED IN PART** (in that the court has reconsidered its Order) and otherwise **DENIED** (because the court declines to amend or withdraw its Order as requested; however, the court will amend its Order to change the class definition as requested by Plaintiff and consented to by Defendant).[2]

---

[1] The Court assumes the reader's familiarity with its Order Denying Class Certification and therefore does not set forth here the factual recitals, legal standards, and analysis set out in such Order.

[2] As part of a Joint Report (Doc. 96, filed March 17, 2008), the Plaintiff proposed the following class definition:

All individuals (expressly excluding the federal judiciary and the judiciary's immediate family members for the Northern District of Alabama), whether or not having any relationship with the Defendant, who have paid an "ABC fee", also known as an "administrative brokerage commission" to Defendant, pursuant to a real estate closing and/or settlement in connection with a federally related mortgage loan covering property located within the states of Alabama, Florida or Georgia, at any

## I.      Motion for Reconsideration

Defendant frames the issue as follows.  "This motion relates solely to . . . whether Plaintiff's proposed class definition[3] can feasibly identify class members and exactly how the trier of fact will determine whether [any specific purported class member's] challenged transaction[] involved a federally related mortgage loan." (Motion for Reconsideration, Doc. 95 at 1-2).  In sum, the Defendant says the court's Order Granting Motion for Class Certification was wrong because the Plaintiff cannot meet the requirements of Fed. R. Civ. P. 23(b)(3)(D).[4]  In essence, the Defendant

_____

time from September 23, 2003, to the present.

(*Id.* at 3-4).

Defendant stated "Defendant has no objection to the proposed change but will file this day a motion for reconsideration of the Court's March 5, 2008 order certifying the class and does not agree that the class should be certified or that the definition is proper." (*Id.* at 4).

Thus, the definition that the parties briefed and argued for purposes of this Motion, and that the Court considered, was as modified above.  The modification had no impact on the Court's analysis of the issues raised in the Motion.

[3]  *See* n.2, *supra*.

[4]  Fed. R. Civ. P. 23(b) states, in pertinent part:

(b) Class Actions Maintainable. An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:

        ***
        ***
        (3) the court finds that the questions of law or fact common to the
        members of the class predominate over any questions affecting only
        individual members, and that a class action is superior to other
        available methods for the fair and efficient adjudication of the

challenges the administrative feasibility of <u>any</u> class whose definition includes class members who entered into a federally related mortgage loan.

## II.     The Defendant Has Shown No Basis for the Court to Reconsider its Order.

### A.     Standard Applicable to Motions to Reconsider

In the interests of finality and conservation of scarce judicial resources, reconsideration of an order is an extraordinary remedy and is employed sparingly. *See United States v. Bailey*, 288 F. Supp. 2d 1261, 1267 (M.D. Fla. 2003); *Pennsylvania Ins. Guar. Ass'n v. Trabosh*, 812 F. Supp. 522, 524 (E.D. Pa. 1992); *Spellman v. Haley*, No. 97-T-640-N, 2004, WL 866837, at *2 (M.D. Ala. Feb. 22, 2002) ("[L]itigants should not use motions to reconsider as a knee-jerk reaction to an adverse ruling.") (citation omitted).   Indeed,   as a general rule, "[a] motion to reconsider is only available when a party presents the court with evidence of an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice."  *Summit Med. Ctr. of Ala., Inc. v. Riley*, 284 F. Supp. 2d 1350, 1355 (M.D.Ala. 2003).

It is well established in this circuit that "[a]dditional facts and arguments that

---

controversy. The matters pertinent to the findings include:  . . . (D) the difficulties likely to be encountered in the management of a class action.

Fed. R. Civ. P. 23(b)(3).

should have been raised in the first instance are not appropriate grounds for a motion for reconsideration." *Rossi v. Troy State University*, 330 F. Supp. 2d 1240, 1249 (M.D. Ala. 2002) (denying motion to reconsider when plaintiff failed to submit evidence in question prior to entry of order and failed to show good cause why he could not have done so).[5]   Furthermore, the Eleventh Circuit has declared that "a motion to reconsider should not be used by the parties to set forth new theories of law." *Mays v. U.S. Postal Service*, 122 F.3d 43, 46 (11th Cir. 1997); *see also Russell Petroleum Corp. v. Environ Products, Inc.*, 333 F. Supp. 2d 1228, 1234 (M.D. Ala. 2004) (relying on *Mays* to deny motion to reconsider when movant advanced several new arguments); *Coppage v. U.S. Postal Service*, 129 F. Supp. 2d 1378, 1379-81 (M.D. Ga. 2001) (similar);[6] *Richards v. United States*, 67 F. Supp. 2d 1321,1322 (M.D. Ala. 1999) (same).

Notwithstanding these limitations, reconsideration is appropriate to correct manifest errors of law or fact. *See* Fed. R. Civ. P. 60(b); *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996) ("Motions for

---

[5]   Likewise, motions to reconsider are not a platform to relitigate arguments previously considered and rejected.  *See Lazo v. Washington Mutual Bank*, 10 Fed. Appx. 553, 553 (9th Cir. 2001) (motion to reconsider is properly denied where movant merely reiterates meritless arguments); *American Marietta Corp. v. Essroc Cement Corp.*, 59 Fed. Appx. 668 (6th Cir. 2003) (similar).

[6]   This discussion is lifted almost verbatim from Judge Steele's opinion in *Gougler v. Sirius Products, Inc.*, 370 F. Supp. 2d 1185, 1189 (S.D. Ala. 2005).

reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence."); *Summit*, 284 F. Supp. 2d at 1355 ("A motion to reconsider is only available when a party presents the court with evidence of an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice.").  The grant or denial of a motion to reconsider is left to the discretion of the district court.  *See Chapman v. AI Transport*, 229 F.3d 1012, 1023-24 (11th Cir. 2000).

### B.    Analysis

After giving Defendant's motion in-depth consideration, the Court has determined that there exists no adequate ground for the Court to reconsider its prior Order Granting Motion for Class Certification.  As is set forth in more detail in Section III, *infra*, the only event that transpired between the date of this Court's Order Denying Class Certification and this Court's Order Granting Motion for Class Certification was the Eleventh Circuit's mandate in *Busby*.  Thus, the Defendant is in reality asking this Court to reconsider a portion of this Court's Order Denying Class Certification, specifically, the portion that was adverse to Defendant on the issue of administrative feasibility.  Although the Court, as explained in Section III, *infra*, independently and alternatively finds that such reconsideration is barred by the law of the case doctrine, the Court in this section explains why, even in the absence

6

of the law of the case doctrine, the Defendant's Motion does not meet the applicable standard for reconsideration.

All of Defendant's arguments were made and were rejected during initial briefing on Plaintiff's Motion for Class Certification.[7]   While there has been an intervening appeal and reversal of this court's Order Denying Class Certification, that appellate decision did not enunciate any "new" law.  Rather, the Eleventh Circuit held that this Court had applied the wrong legal standard and had erred by analyzing Plaintiff's claims by analogy to claims brought under Section 8(a) of RESPA, when this court should have analyzed them under the first portion of Section 8(b).[8]   It is clear that Defendant has not asserted that its Motion for Reconsideration is supported by any intervening change in controlling law or any newly discovered evidence that would alter the result of the Court's Order Granting Motion for Class Certification.

Based on the law governing motions for reconsideration, Defendant's arguments cannot be the basis for a motion for reconsideration because the issue of whether the proposed class definition, which includes as members only persons who "paid an 'ABC fee', . . . pursuant to a real estate closing and/or settlement in connection with a federally related mortgage loan," was extensively briefed by

---

[7] *See* Defendant's Memorandum in Opposition to Plaintiff's Motion for Class Certification, Doc. 65, pp. 20-22, which has been repeated virtually verbatim in the Motion for Reconsideration..

[8] *Busby*, 513 F.3d at 1325-1326.

7

Defendant and those arguments were rejected by this Court.  Specifically, in its analysis, this Court found that the proposed class definition meets the applicable legal standard and found that the named Plaintiff is in fact a member of the class.  (Order Denying Class Certification), Doc. 76 at 11).  In footnote 5 of that Order, this Court specifically recognized that, "[i]n determining whether a class is adequately defined, courts consider whether the proposed definition 'specif[ies] a particular group that was harmed during a particular time frame, in a particular location, in a particular way' and 'facilitat[es] a court's ability to ascertain its membership in some objective manner.' *Bentley v. Honeywell Intern., Inc.,* 223 F.R.D. 471, 477 (S.D. Ohio 2004)." (*Id*.) (emphasis supplied).  Further, this Court expressly discussed the Defendant's arguments relating to the "federally related mortgage loans" at pages 30 - 32 of its Order Denying Class Certification and stated that "[t]he Court is confident that had this case been appropriate for a class action, the Court with the assistance of counsel could fashion an appropriate method to determine whether the individual loans were federally related without creating the need for individual analysis such that predominance would be effected." (*Id*. at 32).

Basically, the Defendant is unhappy with this Court's conclusion and perhaps with this Court's failure to give an even more detailed analysis explaining its conclusion.  Nonetheless, it was this Court's conclusion, and this Court remains

convinced that the details of weeding out ineligible would-be class members can be done in an objective, administratively feasible manner.  Further, the Defendant has cited no authority that a court is required to spell out the details of such "weeding out" as a prerequisite to certifying a class.  Certainly, a party's unhappiness with a court's order — whether it be to the holding of that order or the manner in which the holding was announced — does not meet the standard for reconsideration.

As this Court and numerous other courts have held, a motion for reconsideration premised on previously rejected arguments should be denied because it "does not meet the standard employed on review of a Motion for Reconsideration." *Rueter v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 440 F. Supp. 2d 1256, 1268 (N.D. Ala. 2006).  "[M]otions to reconsider are not a platform to relitigate arguments previously considered and rejected."  *Rueter*, 440 F. Supp. 2d at 1268 n.9 (citations omitted); *see also Reich v. Compton*, 834 F. Supp. 753, 755 (E.D. Pa. 1993) ("[A]ny litigant considering bringing a motion to reconsider based upon . . . [clear error and manifest injustice] should evaluate whether what may seem to be clear error of law is in fact simply a disagreement between the Court and the litigant.")

## III.   Law of the Case Doctrine

Alternatively and independently, the law of the case doctrine bars reconsideration.

The Eleventh Circuit, in its opinion on interlocutory appeal of this Court's Order Denying Class Certification held, *inter alia*, (1) "that Plaintiff satisfied the four elements of Rule 23(a)" (*Busby*, 513 F. 3d at 1324), and (2) that this Court applied the wrong legal standard and therefore abused its discretion in concluding that individual issues predominated with regard to factual issues and that the Plaintiff therefore did not meet the predominance and superiority requirements of Fed. R. Civ. P. 23(b)(3).  (*Id*., at 1324 - 1327).  *Busby* further held that "[i]n our view, the proposed class satisfies Federal Rule of Civil Procedure 23(b)(3), because class issues predominate and a class action is the superior method for dealing with the claims raised."  (*Id*., at 1327).

The Defendant argues that this Court has never ruled on the issue it argues in its Motion for Reconsideration.  The Court rejects this argument.  *See* Section II.B., *supra*.  Defendant further argues that, because appeal of a class certification order is not a final judgment and therefore is not mandatory, the Eleventh Circuit did not decide this issue either.  However, this argument ignores the fact that Defendant raised the issue before this Court, the issue was addressed adversely to the Defendant in this Court's Order Denying Class Certification,[9] and the issue was raised again by the Defendant during such appeal.

---

[9]  The very order that was appealed (by Plaintiff).

The Court finds that the Eleventh Circuit necessarily addressed this issue in its holding that "[i]n our view, the proposed class satisfies Federal Rule of Civil Procedure 23(b)(3), because class issues predominate and a class action is the superior method for dealing with the claims raised." (*Busby*, 513 F. 3d at 1327).  This is especially true because Defendant agrees that it raised the issue with the Eleventh Circuit.  ("<u>In fact, I think we did point out somewhere in our briefing that this was an issue, but the 11th Circuit didn't address the issue.</u>  And if they didn't address the issue, it hasn't been determined, and I don't think the law of the case is applicable.") Transcript of Hearing held June 12, 2008 ("Transcript"), Doc. 100 at 17 (emphasis supplied).  *See also* Motion for Reconsideration, Doc. 95 at 6 ("However, the Eleventh Circuit did not address the issue either, even though Defendant did raise it in its brief to the Eleventh Circuit as an alternative basis for upholding this Court's earlier decision.  (Def.'s App. Br. at 55-56 & n.25)).[10]

The law of the case doctrine is not limited, as Defendant seems to argue, to issues expressly decided by the appellate court.  Rather, the doctrine also bars reconsideration of any issue which was <u>necessarily</u> determined by the appellate court

---

[10]  The Court notes that none of the appellate briefs have been filed in to this Court's docket and therefore the Court cannot review the document cited by Defendant.  However, the Court accepts the Defendant's assertion that it was the same issue that is now before this Court on Defendant's Motion for Reconsideration.

during an interlocutory appeal.

> "Under the 'law of the case' doctrine, the findings of fact and conclusions of law by an appellate court are generally binding in all subsequent proceedings in the same case in the trial court or on a later appeal." *Heathcoat v. Potts,* 905 F.2d 367, 370 (11th Cir. 1990) (internal quotation marks and citation omitted). Furthermore, the law-of-the-case doctrine bars relitigation of issues that were decided either explicitly or by necessary implication. *See Schiavo v. Schiavo,* 403 F.3d 1289, 1291 (11th Cir. 2005) ("The [law-of-the-case] doctrine operates to preclude courts from revisiting issues that were decided explicitly or by necessary implication in a prior appeal."); *Klay v. All Defendants,* 389 F.3d 1191, 1198 (11th Cir. 2004) ("Realizing that a prior decision is law of the case as to matters decided explicitly and by necessary implication, we find that our prior affirmation of the district court constitutes law of the case here . . . ."), *cert. denied,* --- U.S. ----, 125 S. Ct. 2523, 161 L. Ed. 2d 1111 (2005); *A.A. Profiles, Inc. v. City of Fort Lauderdale,* 253 F.3d 576, 582 (11th Cir. 2001) ("Generally, the law of the case doctrine requires a court to follow what has been explicitly or by necessary implication decided by a prior appellate decision."); *In re Justice Oaks II, Ltd.,* 898 F.2d 1544, 1550 n.3 (11th Cir. 1990) ("While the law of the case does not bar litigation of issues which might have been decided but were not, it does require a court to follow what has been decided explicitly, as well as by necessary implication, in an earlier proceeding.") (internal quotation marks and citation omitted). The doctrine's central purposes include bringing an end to litigation, protecting against the agitation of settled issues, and assuring that lower courts obey appellate orders. *See United States v. Williams,* 728 F.2d 1402, 1406 (11th Cir. 1984).

*This That And The Other Gift And Tobacco, Inc. v. Cobb County, Ga.*, 439 F.3d 1275, 1283 (11th Cir. 2006).

At oral argument on the pending Motion, Defendant argued that this Court had not, prior to the interlocutory appeal, decided the issue of whether or not a class

would be administratively feasible and therefore the issues of administrative feasibility was not before the appellate court on review.  That simply is not accurate. As set out in Section II.B., *supra*, the issue of the administrative feasibility of a class whose members must, in order to qualify, have "paid an 'ABC fee', . . . pursuant to a real estate closing and/or settlement in connection with a federally related mortgage loan," was extensively argued by the parties and those arguments were rejected by this Court.  *See* analysis, Section II.B., *supra*.

Indeed, Defendant's argument is undercut by its statements, at oral argument (with which the Court did not and does not disagree), that "class certification [is] a fluid process and that the 11th Circuit didn't want to discourage district judges from reconsidering whether class certification was appropriate <u>as the case developed</u>. . . . Even as we get to our trial, <u>if it appears</u> for whatever reason when we start arguing about whether there was service or not, <u>new individualized</u> issues about, well, we did it to this group but not that group emerged, [the Court] may at least need to reconsider whether this really can be tried with the class definition that was proposed or whether it needs to be modified [into] subclasses, even [decertified].  District courts make these kinds of decisions all the time <u>progressively toward trial</u>."  (Transcript, Doc. 100 at 14) (emphasis supplied).

Here, the case has not "progressed" between the date of the Eleventh Circuit's

mandate and the Order Granting Motion for Class Certification. There are no "new individualized issues." The Defendant is arguing an old issue, one that this Court and the Eleventh Circuit rejected - whether the class as proposed meets Rule 23(b)(3)'s standards. The only thing new is that the Defendant is seeking, for the first time, without <u>any</u> legal authority, to impose upon this Court at the class certification stage some, as yet undefined, degree of specificity about how the class will be administered.

Further, if the Defendant wanted to raise this issue, it had to do so during the interlocutory appeal of the Order Denying Class Certification, or it has waived the issue for now - that is, subject to its right to seek decertification <u>as the case progresses</u> based upon evidence that shows that the class is not administratively feasible due to individualized issues. *See United States v. Escobar-Urrego*, 110 F.3d 1556, 1560 (11th Cir. 1997) ("Under the law of the case doctrine, a legal decision made at one stage of the litigation, unchallenged in a subsequent appeal when the opportunity existed, becomes the law of the case for future stages of the same litigation, and the parties are deemed to have waived the right to challenge that decision at a later time.") (quoting *Williamsburg Wax Museum v. Historic Figures*, 810 F.2d 243, 250 (D.C. Cir. 1987)). The Eleventh Circuit framed the arguments raised by the parties on appeal in *Busby* as follows:

On appeal, Busby challenges the district court's holding that she failed to satisfy Rule 23(b)(3)'s predominance requirement, as well as the district court's alternative holding that she failed to satisfy Rule 23(b)(3)'s superiority requirement. RealtySouth not only contests Busby's claim that she satisfies the predominance and superiority requirements of Rule 23(b)(3), but further argues that we should affirm the district court on various alternative grounds that RealtySouth asserts are supported by the record. Specifically, RealtySouth contends that Busby does not meet the requirements of Rule 23(a)(3) and (4), and further contends that § 8(c)(2) of RESPA provides a defense that should apply individually to putative plaintiffs, such that class treatment is inappropriate.

*Busby*, 513 F.3d at 1322.

Defendant further argued, at oral argument, that it had no obligation

to raise this issue affirmatively in the appellate process before the 11th Circuit [because] it wasn't [Defendant's] appeal. It was an interlocutory appeal. [Defendant] could argue that [this Court's] decision should be sustained on all or several whatever [sic] grounds.

(Transcript, Doc. 100 at 17). This argument misframes the analysis.

The analysis is not "who filed the appeal," the analysis is: (1) had this Court decided the issue prior to the appeal - and, clearly, the Court had; and (2) was that decision unchallenged in a subsequent appeal when the opportunity existed. *See United States v. Escobar-Urrego*, 110 F.3d at 1560. Clearly, the opportunity existed - the Defendant raised on appeal the issues it strategically decided to raise, including the very one it is now asserting. The Defendant was not barred from asserting as an alternative ground that this Court's decision to deny class certification should have

been affirmed because the proposed class was not administratively feasible.  Indeed, the Defendant says it <u>did</u> make that argument to the Eleventh Circuit.  (Motion for Reconsideration, Doc. 95 at 6; Transcript, Doc. 100 at 17).  And, the *Busby* court could have affirmed this Court's decision for any reason that it found to be supported by the record, even if the *Busby* court found that this Court's stated reasons were in error.  *See Big Top Koolers, Inc. v. Circus-Man Snacks, Inc.*, 528 F.3d 839, 844 (11th Cir. 2008) ("'We are unable to affirm based on the district court's reasoning.  But, we can affirm 'on any ground that finds support in the record.' *Lucas v. Grainger, Inc.,* 257 F.3d 1249, 1256 (11th Cir.2001) (quoting *Jaffke v. Dunham,* 352 U.S. 280, 281, 77 S. Ct. 307, 308, 1 L. Ed. 2d 314 (1957)) (internal quotation marks omitted).").

Even assuming, contrary to Defendant's counsel's statement at oral argument and its Motion, that the administrative feasibility issue was not raised by Defendant on appeal, Defendant, by deciding not to appeal that portion of this Court's Order Denying Class Certification that found the proposed class definition administratively feasible, waived the right to challenge that decision, including its right to challenge the Order Denying Class Certification through the instant motion.  The Order Denying Class Certification is the law of case, modified as required by the Eleventh Circuit's decision adverse to the Defendant on a different aspect of that Order.

The Defendant's reliance on *Mason v. Texaco, Inc.*, 741 F. Supp. 1472, 1493

(D. Kan. 1990) is unavailing. *Mason* involved a second jury trial, held after the jury's verdict in favor of the plaintiff was reversed based on erroneous jury instructions.[11] The first jury did not award the plaintiff any punitive damages. The plaintiff moved for a new trial limited to the issue of punitive damages. The trial court denied that motion. After the Defendant's successful appeal, a second trial was held, which also resulted in a jury verdict in favor of the plaintiff. At the second trial, the jury awarded the plaintiff some $9 million in actual damages and $25 million in punitive damages. Texaco moved for judgment notwithstanding the verdict or alternatively for a new trial. Texaco argued that the plaintiff could not receive punitive damages at the second trial because she failed to appeal the denial (during post-trial motions after her first trial) of her motion for a new trial limited to punitive damages. The trial court denied Texaco's motion and rejected Texaco's law of the case argument as follows.

> Defendant asserts that plaintiff's "procedural maneuvering" has deprived Texaco of the opportunity to defend this court's ruling denying a new trial on punitive damages. The court does not ascribe the same sinister motives to plaintiff's decision not to pursue a patently frivolous request. In any event, it would have been unnecessary for defendant to "defend" a previous ruling of law to which this court would still adhere if presented with the same question: plaintiff is not entitled to a new trial limited to the issue of punitive damages. *See Key v. Wise,* 629 F.2d 1049, 1054 (5th Cir. 1980) (applicability of law of the case necessarily depends on whether the question as to which it is asserted was decided previously by the court), *cert. denied,* 454 U.S. 1103, 102 S. Ct. 682, 70

---

[11] *Mason v. Texaco, Inc.*, 862 F.2d 242, 244 (10th Cir. 1988).

L. Ed. 2d 647 (1981). After the general reversal and remand by the Tenth Circuit, however, <u>this ruling became moot, because the posture of this case had changed.</u> By virtue of defendant's successful appeal, the court was no longer confronted with the propriety of granting plaintiff a new trial on the issue of punitive damages.

*Mason v. Texaco, Inc.*, 741 F. Supp. at 1493 (emphasis supplied).

As pointed out by Plaintiff at oral argument - and the Court would have said it if the Plaintiff had not -

> [s]ince the mandate from the 11th Circuit, nothing has changed. The law has not changed, no facts have changed, or there's no evidence of any [changed] facts. And so ... because nothing has changed, ... the law of the case [controls] and this argument that [this Court] has the authority and the ability to decertify a class at any time is premature today. It doesn't have any application today. Of course, [the Court] can look at the matter down the road, but there's no evidence that anything has changed today since the mandate issue[d].

(Transcript, Doc. 100 at 31).

The Court agrees. Thus, any order of this Court <u>at this time</u> that finds that Plaintiff did <u>not</u> meet the requirements of Rule 23(b)(3) would violate the mandate issued by the Eleventh Circuit. Given *Busby*'s holdings, whether the Eleventh Circuit expressly or implicitly rejected the Defendant's administrative feasibility argument, or whether the Defendant failed to raise such argument when it could have done so, the doctrine bars this Court's reconsideration of whether Plaintiff has satisfied the requirements of Federal Rules of Civil Procedure 23(a) and (b)(3).

18

## IV.    Merits Analysis

Alternatively, the Court has considered the Defendant's arguments on the merits and determines, for the reasons set forth below, that common issues of law and fact predominate and class determination of those issues is a superior method of adjudication.  As Plaintiff points out, "there is no need to identify the class members at the stage of class certification; all that is required is that a class exist." (Doc. 98 at 3) (citing 7A Charles Alan Wright, Arthur R. Miller, et al., FEDERAL PRACTICE & PROCEDURE 3d § 1760 (updated 2008)).

Further, the cases cited by Defendant do not support the result Defendant asks this Court to reach.

The Defendant relies principally on *Pettrey v. Enter. Title Agency, Inc.*, 241 F.R.D. 268, 284 (N.D. Ohio 2006).  Although the *Pettrey* court did, as the Defendant states "discuss[] the predominance/manageability issues raised by trying to determine whether each class member's transaction involved a federally related mortgage" (Doc. 95 at 2), the court's holding (denying class certification) was based on all the complexities of the class proposed by Plaintiffs, including the existence of various state court claims and defenses, none of which are present here.  *Pettrey*, 241 F.R.D. at 284.  The *Pettrey* court explained its decision as follows:

[E]ven a  straightforward  RESPA  sham  ABA  claim  poses  some

19

difficulties and significant individualized issues. [Moreover, t]his is not a straightforward RESPA case.  As the Court noted *supra* in addressing Plaintiffs' class definition, Plaintiffs have no time limitation ... and their loan definition includes loans and borrowers that are not covered by RESPA (e.g., loans that are not federal or residential).  Thus, ... the Court will also have to determine on an individual basis whether a particular class member is even covered by RESPA. [Footnote omitted.] Taking these issues in combination with the fact that damages will be determined on an individual basis and that the major common issue (sham ABAs) involves multiple entities, the Court concludes that individualized issues predominate.  The state-law claims also involve predominantly individualized issues.

*Id*. at 284.

Further, *Pettrey* is startlingly inapposite, on its facts, to this case.  Most importantly, in this case, the Plaintiff's proposed class definition, includes only

[I]ndividuals (expressly excluding the federal judiciary and the judiciary's immediate family members for the Northern District of Alabama), whether or not having any relationship with the Defendant, who have paid an "ABC fee", also known as an "administrative brokerage commission" to Defendant, pursuant to a real estate closing and/or settlement in connection with a federally related mortgage loan covering property located within the states of Alabama, Florida or Georgia, at any time from September 23, 2003, to the present.

(Doc. 96 at 3-4 (emphasis supplied)).  Moreover, as explained by the Eleventh Circuit, the claims in this case arise only under RESPA Section 8(b), are limited to claims for fees for which no services were performed (prohibited under the first portion of Section 8(b)), do not include claims for overcharges under the second portion of Section 8(b), and thus are not analogous to claims made under Section 8(a)

20

or the second portion of Section 8(b).  *Busby*, 513 F.3d at 1324-1325.

The *Pettrey* plaintiffs' proposed class definition, in stark contrast, was

> All borrowers who entered into mortgage loan transactions using the services of Enterprise where the HUD-1 Settlement Statement, or other document in the loan file, include a charge for or payment allocable to an affiliated business arrangement or entity.

*Pettrey*, 241 F.R.D. at 271.  Thus, the *Pettrey* definition was overinclusive.  It included on its face persons who paid a fee <u>other than</u> "in connection with a federally related mortgage loan."   The Plaintiff in this case has properly limited her class definition.

Additionally, the claims of the purported class in *Pettrey* were for violations of both Section 8(a) and 8(b)[12] of RESPA (Count I), Negligent Misrepresentation (Count II), Violation of the Consumer Sales Protection Act ("CSPA") (Count III) and Civil Conspiracy (Count IV).  *See Pettrey*, 241 F.R.D. at 271 and *passim*.

Further, the *Pettrey* court expressed no concern that plaintiffs' claims in that case would require application of a "ten-part test." *Pettrey*, 241 F.R.D. at 27 ("With respect to the RESPA claim, the Court agrees with Plaintiffs that common issues of law or fact exist. . . .  Plaintiffs' RESPA theory is focused on whether the ABAs are sham entities.  Whether they are bona fide service providers is determined on an

---

[12]   And were not limited to claims for charges where no services were rendered, and thus would include claims for overcharges under the second portion of Section (8)(b).

entity-by-entity basis.  Accordingly, there will be common issues of fact and law (*e.g.*, the ten-part HUD test) for all class members who made payments to a particular ABA.").  The *Pettrey* court never stated that such a ten-part test made the proposed class administratively unfeasible.  In fact, the *Pettrey* court accepted the plaintiffs' argument that "courts often have to look to transactions or documents to determine class membership [and stated that] [c]ourts will do as long as class membership can be determined <u>in an objective manner</u>.  Here, the Court agrees that class membership can be determined [for each of the <u>six</u> ABAs at issue] in a simple, almost mechanical fashion."  *Pettrey*, 241 F.R.D. at 278 (footnote and internal citations omitted) (emphasis supplied).

Thus, at best, the reasoning in *Pettrey* totally fails to support the Defendant's argument and, in this Court's opinion, that reasoning actually *supports* the Eleventh Circuit's mandate and this Court's Order Granting Motion for Class Certification. This is so because, while there are multiple factors to consider in determining whether a loan is "federally related," all of the factors are <u>objective</u> rather than subjective.  All class members will be subject to these same common <u>objective</u> factors in determining whether or not their particular loan was "federally related."  Therefore, common issues of law and fact predominate and class determination of those issues is a

22

superior method of adjudication.[13]

## V.     Conclusion

Defendant's Motion for Reconsideration does not meet the standard applicable to such motions and therefore is due to be denied.  Independently and alternatively, the law of the case doctrine bars such reconsideration at this time, as the case has not progressed since the mandate was issued, and therefore the Motion is due to be denied on that basis as well.  Independently and alternatively, having reconsidered the Order Granting Motion for Class Certification on its merits, the Court finds that the proposed class is administratively feasible based on the arguments and evidence before it at this time, and the Motion is due to be denied on that basis as well.

Additionally, the Court finds that its Order Granting Motion for Class

---

[13] Defendant argues that determining whether or not a proposed class member qualifies is a "determination on the merits" and "insist[s] that the trier of fact resolve whether any person seeking to recover monies from it under RESPA was part of a transaction that involved a federally related mortgage loan." (Motion, Doc. 95 at 2-3).  In support of this argument, Defendant cites no direct authority in the body of its Motion but does cite *Lindsey v. Normet*, 405 U.S. 56, 66 (1972) as sufficiently analogous to lend support.  It is not.  Further, at footnote 2 to Defendant's Motion, Defendant states that "other courts have held that a proposed class action with a definition, such as plaintiff's proposal, that requires a decision on the merits to determine membership in the class is unmanageable by definition" and string cites four cases, none of which are authoritative and none of which is factually apposite to this case.  The Court finds that Plaintiff's proposed class definition is sufficiently definite and that, despite the fact that multiple objective factors will need to be addressed in determining who the class members are, the class will nonetheless be administratively feasible and that the Defendant's right to a jury trial of fact issues will not be abrogated.  The Court similarly rejects as inapposite Defendant's multiple citations at pages 4 and 5 of its Motion to cases such as *In re Ford Motor Co. Ignition Switch Prods. Liab. Litig.*, 174 F.R.D. 332, 350 (D.N.J. 1997), regarding class certification of claims that would require the application of the laws of 51 different states.

Certification (Doc. 93) is due to be amended to change the proposed class definition to read as follows:

> All individuals (expressly excluding the federal judiciary and the judiciary's immediate family members for the Northern District of Alabama), whether or not having any relationship with the Defendant, who have paid an "ABC fee", also known as an "administrative brokerage commission" to Defendant, pursuant to a real estate closing and/or settlement in connection with a federally related mortgage loan covering property located within the states of Alabama, Florida or Georgia, at any time from September 23, 2003, to the present.

(*See* Doc. 96 at 3-4 (setting forth modified class definition proposed by Plaintiff and unopposed by Defendant)).

A separate Order will be entered.

**DONE** and **ORDERED** this the 17th day of September, 2008.

**VIRGINIA EMERSON HOPKINS**
United States District Judge